UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINT PHILLIPS, III,<br><br>    Plaintiff,<br><br>    v.<br><br>METRO TRANSIT AGENCY, SECURITAS SECURITY COMPANY, and DENNIS BURNS,<br><br>    Defendants. | Case No. 20-cv-744-JPG |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on plaintiff Clint Phillips, III's motion for leave to proceed *in forma pauperis* (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

In this case, Phillips attempts to plead claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, under 42 U.S.C. § 1983 for violation of various constitutional rights, and under state law for false imprisonment. He bases these claims on an incident in March 2015 when he was taking a public transportation train run by defendant Metro

Transit Authority for which security services were presumably provided by defendant Securitas Security Company.  Burns, an employee of Metro Transit or Securitas, asked to see Phillips's pass, and when Phillips produced a reduced-fare pass showing he was disabled, Burns took the pass and forced Phillips to disembark.  Phillips reported the incident to Metro Transit headquarters, but is not aware that it followed up on the incident.  He claims these actions violated his rights under the ADA, the Rehabilitation Act,[1] the United States Constitution, and Illinois state law.

Setting aside for the moment whether Phillips satisfies the indigency requirement and has stated claims, it appears those claims may be frivolous because they were filed long after the statutes of limitations expired.  ADA public accommodation claims, Rehabilitation Act claims, § 1983 claims, and Illinois false imprisonment claims all have a two-year statute of limitations. *See Rutledge v. Ill. Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (Rehabilitation Act); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (Title III of the ADA); *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017) (§ 1983); 735 ILCS 5/13-202 (personal injury and false imprisonment).  The incident in question occurred in March 2015, so absent some kind of equitable tolling,[2] the statutes of limitations expired in March 2017.  He asks the Court to waive the statutes because of his disability, but simply having a disability does not excuse a litigant from a statute of limitations.

---

[1] The Court also construes Phillips's complaint to assert a claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which is nearly identical in all material respects to an ADA claim.
[2] "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim" and "if it would have been unreasonable to expect him to be able to sue earlier." *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001).

However, since the plaintiff has no obligation to plead around a potential affirmative defense like the statute of limitations, the Court will allow Phillips an opportunity to explain why the statutes of limitations should not bar his claims.  Accordingly, the Court **ORDERS** Phillips to **SHOW CAUSE** on or before September 4, 2020, why his claims are not barred by the two-year statutes of limitations.  If Phillips fails to show why his claims are not barred by the statutes of limitations or fails to respond to this order in a timely manner, the Court may deny his motion for leave to proceed *in forma pauperis* and may dismiss this case as frivolous.

**IT IS SO ORDERED.**
**DATED:  August 6, 2020**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**