UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLINT PHILLIPS, III,

    Plaintiff,

  v.

METRO TRANSIT AGENCY, SECURITAS
SECURITY COMPANY, and DENNIS BURNS,

    Defendants.

Case No. 20-cv-744-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clint Phillips, III's motion for leave to proceed *in forma pauperis* (Doc. 3) and motion for summary judgment (Doc. 8).

**I.**    ***In Forma Pauperis***

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

At the outset of this case, the Court had doubts that Phillips's claims had any merits in light of the timing of his complaint. It appeared that his claims—under the Americans With

Disabilities Act, 42 U.S.C. § 12101 *et seq.*, under 42 U.S.C. § 1983 for violation of various constitutional rights, and under state law for false imprisonment—were likely barred by the respective statutes of limitations. Phillips bases his claims on an incident in March 2015 but did not file this lawsuit until July 2020. The Court ordered Phillips to show cause why his claims are not time-barred (Doc. 6).

In response, Phillips asserted that the statutes of limitation were tolled because he is disabled (Doc. 7). *See* 735 ILCS 5/13-211(a). Curious about the nature of Phillips's disability and whether it was the sort that would toll the statute of limitations, the Court asked Phillips to explain the nature and duration of his disability and attach any documents from an agency declaring him incompetent or unable to manage his own affairs (Doc. 9).

Phillips responded with allegations and evidence showing his disability may serve to toll the statute of limitations (Doc. 10). In any case, whether it does is a question better answered at a later stage of this case. Because Phillips is indigent, and it is not clear from his filings that his claims are frivolous, malicious, or fail to state a claim, the Court **GRANTS** his motion for leave to proceed *in forma pauperis* (Doc. 3).

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff shall have 90 days from the date of this order to accomplish service. If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service. The Court **DIRECTS** the Clerk of

Court to send the plaintiff the appropriate number of USM-285 forms.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.  Costs of service shall be borne by the United States.

**II.      Summary Judgment**

The Court further **DENIES** the plaintiff's motion for summary judgment (Doc. 8).  Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  Phillips has failed to show that there is no genuine issue of material fact or that he is entitled to judgment as a matter of law.

**IT IS SO ORDERED.**
**DATED:  November 16, 2020**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**