UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINT PHILLIPS, III, | |
| Plaintiff, | |
| v. | Case No. 20-cv-744-JPG |
| METRO TRANSIT AGENCY, SECURITAS SECURITY COMPANY, and DENNIS BURNS, | |
| Defendants. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motions of defendants Metro Transit Agency ("Metro") (Doc. 30) and Securitas Security Company ("Securitas") (Doc. 37) to dismiss the complaint of plaintiff Clint Phillips, III on a variety of grounds. They also ask the Court to strike certain material and to direct Phillips to make a more definite statement of his claims. Phillips has responded to the motions (Doc. 42).

**I.      Standards for Dismissal**

Metro and Securitas ask the Court to dismiss Phillips's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Rule 12(b)(1) governs challenges to the Court's subject matter jurisdiction. The defendants' challenge is a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003).

Similarly, Rule 12(b)(6), which governs the sufficiency of the pleading to state a claim, requires that the Court accept as true all allegations in the complaint. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This standard, however, will not prevent dismissal of a complaint that pleads too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim).

**II.  Facts**

Taking all well-pleaded factual allegations as true and drawing all reasonable inferences in Phillips's favor, the Complaint establishes the following relevant facts.

On March 27, 2015, Phillips was a passenger on a Metro train passing through the Fairview Heights, Illinois, station. Defendant Dennis Burns, an employee of Metro and Securitas, asked to see his pass or fare card, and Phillips produced a monthly reduced fare pass showing he was disabled. Burns took the pass and made Phillips get off the train. Phillips later complained to Metro's headquarters, but never heard anything about an investigation.

Phillips filed this lawsuit in July 2020 claiming that, by the above conduct, the defendants violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*;

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution; and Illinois state law prohibiting false imprisonment.  The Court also construes his complaint to contain a claim under the Rehabilitation Act ("RA"), 29 U.S.C. § 794, which essentially parallels the ADA without the "thorny question of sovereign immunity" but with the additional requirement that the defendant have received federal funds.  *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012).  Phillips expressly seeks $16 million in punitive damages for reckless and malicious disregard for his rights.

**III.    Analysis**

The Court first turns to the parties' arguments regarding subject matter jurisdiction, a threshold requirement in every federal case.  *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits. . . .").  If it determines there is subject matter jurisdiction, it will then turn to the statute of limitations argument and, if necessary, the remaining arguments.

    A.    <u>Subject Matter Jurisdiction</u>

Metro and Securitas ask for dismissal—Metro, of all the claims, and Securitas, of only the ADA and RA claims—because the Court cannot award punitive damages, the only relief Phillips has specifically requested in his complaint.  They argue that the Court therefore lacks jurisdiction to decide the case.

It is true that the Court cannot award punitive damages as a remedy in private suits under Title II of the ADA or under the RA.  *Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002).  It is also true that political subdivisions/municipalities/local public entities—like Metro

asserts it is—are not subject to punitive damages for the kinds of claims Phillips asserts: Title VII suits, *see Passananti v. Cook Cnty.*, 689 F.3d 655, 677, (7th Cir. 2012) (citing 42 U.S.C. § 1981a(b)(1)); § 1983 suits, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); and Illinois tort suits, *see* Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/2-102 ("a local public entity is not liable to pay punitive or exemplary damages. . . ."); *Hubble v. Bi-State Dev. Agency of Ill.-Mo. Metro. Dist.*, 938 N.E.2d 483, 497 (Ill. 2010) (finding Tort Immunity Act applicable to Metro).

Nevertheless, the inability to award a specific remedy does not impact the Court's subject matter jurisdiction where other remedies are available. Contrary to the defendants' belief, the Court is not limited to awarding the specific relief requested in a plaintiff's complaint. *See* Fed. R. Civ. P. 54(c) ("Every [non-default] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); 735 ILCS 5/2-604.2(c) ("the remedies requested from the court do not limit the remedies available"). Because the Court may still be able to award some type of relief to Phillips, there is no jurisdictional problem.

      B.      <u>Statute of Limitations</u>

Metro and Securitas ask the Court to dismiss this case because it was filed five years after the incident in question, well beyond the statutes of limitations for Phillips's claims. They note that Phillips asserts the statutes of limitations should be tolled because he was disabled during those five years. However, the defendants note that Phillips filed eleven other lawsuits in that time period, which demonstrates he did not lack the ability to file a lawsuit recognizing and expressing his grievances and articulating how he believed they violated the

law. Those lawsuits were all dismissed as frivolous, for failure to state a claim, or for failure to comply with a court order.[1]

Indeed, the majority of Phillips's claims are subject to a two-year statute of limitations. Most of his federal causes of action—under the RA, the ADA, and § 1983—borrow the statute of limitations for personal injury, including the tolling rules, from the law of the state where the incident occurred. *See Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007) (§ 1983); *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017) (§ 1983); *Rutledge v. Ill. Dep't of Hum. Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (RA); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (ADA). Phillips's causes of action accrued in Illinois, where the incident occurred, so the applicable statute of limitations is two years. 735 ILCS 5/13-202 (personal injury causes of action). Phillips's state law cause of action for false imprisonment under Illinois law is expressly governed by the same two-year statute of limitations. *Id.* ("Actions for damages . . . for false imprisonment . . . shall be commenced within 2 years next after the cause of action accrued. . . .").

The incident in question occurred in March 2015, so absent some kind of tolling, the foregoing statutes of limitations expired in March 2017. Phillips argues that his statute of

---

[1] Ordinarily, when a defendant's Rule 12(b)(6) motion to dismiss refers to matters outside the pleadings, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). However, there is an exception to this general rule when the additional material is something of which the Court may take judicial notice. *See Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The Court may take judicial notice of public records, *see Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008) (publicly reported stock price), including judicial proceedings, *see Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994), without converting the motion to a summary judgment motion. In this case, the Court takes judicial notice of and considers Phillips's public litigation history in ruling on the defendants' motions to dismiss.

limitations was tolled because he was, and continues to be, disabled. Under Illinois tolling rules, "If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Code at the time the cause of action accrued, is . . . under a legal disability, then he or she may bring the action within 2 years after . . . the disability is removed." 735 ILCS 5/13-211(a); *see Parks v. Kownacki*, 737 N.E.2d 287, 295 (Ill. 2000).

Various Illinois courts have opined on what "legal disability" means for limitations purposes. One court has held, "A person suffers from a 'legal disability' where he or she is entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his [or her] estate or financial affairs." *Hochbaum v. Casiano*, 686 N.E.2d 626, 631 (Ill. App. Ct. 1997) (internal quotations omitted). That court further noted that a plaintiff is not legally disabled if he "can comprehend the nature of the injury and its implications." *Id.* One Illinois trial court instructed a jury that a "legally disabled" person "was incapable of managing her person or property and could not comprehend her rights or the nature of the act giving rise to her cause of action." *Tardi v. Henry*, 571 N.E.2d 1020, 1028 (Ill. App. Ct. 1991).

1. Metro's Special Status

Metro first argues that its organizational nature prevents the application of Illinois statute of limitations tolling rules. Metro is not a private or state agency. It is really a local public entity named "Bi-State Development Agency of the Illinois-Missouri Metropolitan District." *Hubble v. Bi-State Dev. Agency of Ill.-Mo. Metro. Dist.*, 938 N.E.2d 483, 491 (Ill. 2010). It was created by a 1949 Congressionally approved Interstate Compact between Missouri and Illinois for purposes of economic development throughout the St. Louis metropolitan area. This economic development activity included owning and operating public

6

passenger transportation facilities and providing public mass transportation throughout the district in both states.  *Id.* at 487; *United States ex rel. Fields v. Bi-State Dev. Agency of Mo.-Ill. Metro. Dist.*, 872 F.3d 872, 876 (8th Cir. 2017); *see* Interstate Compacts Clause, U.S. Const. art. I, § 10, cl. 3; Bi-State Development Agency Act, 45 ILCS 105/0.01 *et seq.*; Bi-State Metropolitan Development District, Mo. Rev. Stat. § 70.370, *et seq*.  Metro's nature as an interstate compact agency may exempt it from Illinois statutes of limitations and/or its tolling rules.

Metro argues that Illinois tolling rules cannot apply to it because those rules impose a burden on the interstate compact without the concurrence of the State of Missouri.  "[O]ne party to an interstate compact may not enact legislation that would impose burdens upon the compact absent the concurrence of the other signatories." *Bi-State Dev. Agency of Mo.-Ill. Metro. Dist. v. Dir. of Rev.*, 781 S.W.2d 80, 82 (Mo. 1989) (*en banc*) (citing *Kan. City Area Transp. Auth. v. Missouri*, 640 F.2d 173, 174 (8th Cir. 1981)); *Jordan v. Bi-State Dev. Agency*, 561 S.W.3d 57, 58 (Mo. Ct. App. 2018) (noting interstate compacts are "not subject to any burden unilaterally imposed on it by either State's law").

Application of the Illinois two-year statute of limitations by itself would not unilaterally burden Metro because Missouri's statute of limitations for personal injury is five years.  Mo. Rev. Stat. § 516.120(4).  Far from *burdening* Metro with a two-year limitation period, Illinois law would *benefit* Metro by applying a shorter limitation period than Missouri's.

Illinois tolling rules present another question, but the Court need not decide that issue because, as explained in the following section, those rules would not apply anyway.

7

### 2. Phillips's Disability

The defendants acknowledge that Phillips has evidence that he suffered from post-traumatic stress disorder, major depression, schizophrenia, incompetency, inability to manage his affairs, and total occupational and social impairment, and that the Department of Veterans Affairs ("VA") has found him not competent to handle disbursement of funds. But they assert that Phillips's litigation history demonstrates that he was able to file lawsuits intelligently during the time he claims to have been "legally disabled."

The Court agrees that Phillips's litigation history and the documents he has filed *pro se* in this case show that, while he might suffer from a disability, he was and is able to "comprehend the nature of the injury and its implications," *Hochbaum v. Casiano*, 686 N.E.2d 626, 631 (Ill. App. Ct. 1997), and "comprehend [his] rights or the nature of the act giving rise to [his] cause of action," *Tardi v. Henry*, 571 N.E.2d 1020, 1028 (Ill. App. Ct. 1991). He was not and is not "entirely without understanding or capacity to make or communicate decisions regarding his person affairs." *Hochbaum*, 686 N.E.2d at 631. On the contrary, his *pro se* filings are understandable, expressing relevant facts, comprehensible complaints, and relevant assertions of violations of the law. For example, in this case, Phillips successfully communicated the relevant facts about his contact with Burns and his theory that being forced to disembark from the train violated prohibitions against disability discrimination. That is sufficient comprehension and communication to fail the Illinois test for "legally disabled" for statute of limitations purposes.

But what about within the two years after the March 2015 incident, while the statute of limitations would be running? In July 2016, Phillips filed a lawsuit against a St. Louis police officer and the City of St. Louis for false arrest allegedly occurring in June 2016. *Phillips v.*

*Grean*, No. 4:16-cv-1234-JCH (E.D. Mo. 2016).  In that complaint, he coherently alleged and described a conspiracy between the officer and a financial institution to arrest him for trespassing and disturbing the peace after a bank teller misappropriated his funds.  He claimed he did not commit those offenses and was wrongfully arrested.  He sought compensatory damages and disciplinary action against the officer.  The Court dismissed the case for failure to state a claim because the pleading was conclusory, but not because Phillips had not communicated or comprehended his rights or the nature of the wrong he claimed was done to him.

The same is true with respect to Phillips May 2017 lawsuit against several unknown St. Louis police officers for false arrest/imprisonment after family members made false police reports that led to his arrest without probable cause and various other alleged wrongs.  *Phillips v. Unknown St. Louis City Police Officer*, No. 4:17-cv-1589-JMB (E.D. Mo.).  The Court dismissed that case because Phillips did not adequately identify or describe the unnamed police officers, not because his complaint failed to describe his injury or the nature of his claims.

These two earlier cases, along with the nine others he filed between 2016 and 2019, belie any claim of legal disability under Illinois law.  Phillips was clearly able to recognize injuries to his legal rights, discern causal connections, initiate lawsuits, and comprehensibly describe his claims in pleadings.  In light of his demonstrated ability to sue for wrongs he believed were done to him, the Court cannot find the statute of limitations tolled because of a legal disability.

The Court notes that the VA's determination that Phillips is not capable of handling his own funds is not dispositive of whether he is under a legal disability for Illinois statute of

9

limitations purposes. A federal agency's disability determination does not necessarily mean a claimant is disabled for all purposes. *See Holtz v. Sheahan*, 199 F. App'x 577, 579 (7th Cir. 2006) ("But disability for purposes of Social Security benefits is not the same thing as disability that tolls the Illinois limitations period."). The test the VA applies is whether a benefit claimant "lacks the mental capacity to control or manage his or her own affairs, including disbursements of funds without limitation." 38 C.F.R. § 3.353. Accordingly, the VA found, over Phillips's objection that he was competent, that he was "incompetent for purposes of managing VA payments." Ex. Pl.'s Resp. to Order to Show Cause (Doc. 10 at 6). The VA inquiry does not address whether a plaintiff can comprehend the nature of his injuries and their implications, which Phillips undoubtedly does. The tests may use similar words or concepts, but they are not the same.

Additionally, the VA determination was not made until December 2017, months after the two-year statute of limitations expired. Consequently, the relevance of its finding with respect to Phillips's condition from March 2015 to March 2017 is questionable.

For these reasons, Phillips's claims for violation of Title II of the ADA, the RA, his Fourth and Fourteenth Amendment rights, and his state law false imprisonment claim are barred by Illinois's two-year statute of limitations, and the Court must dismiss those claims.

    C.    <u>Title VII Claim</u>

The defendants also argue that Phillips has failed to state a claim under Title VII of the Civil Rights Act, the only claim in this case not subject to dismissal based on the two-year statute of limitations. Title VII prohibits employment discrimination on the basis of certain prohibited considerations—race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII also forbid an employer from discriminating against an employee because

he has exercised any right under the statute. 42 U.S.C. § 2000e-3(a); *see Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007).

It is not hard to plead an employment discrimination case. *Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965 (7th Cir. 2019). All a plaintiff needs to say is that the defendant took some employment action because of his race, color, religion, sex, or national origin. *Id.*

Here, Phillips alleges nothing even that simple; this case is not about an employment relationship, real or potential. It simply does not plead any violation of Title VII. Therefore, the Court must dismiss this cause of action for failure to state a claim upon which relief can be granted. Furthermore, because this is not just a pleading defect that can be cured by pleading more facts, the dismissal will be with prejudice. This case simply does not involve allegations of employment discrimination.

D.     Other Issues

In light of the foregoing, the Court need not address the questions of whether to strike Phillips's claim for punitive damages, whether he has failed to state a claim for relief, or whether a more definite statement is warranted.

One large issue remains outstanding—Phillips's claims against Burns, for whom there is no evidence of service in the record. The Court extended the deadline to serve Burns until August 13, 2021, and warned Phillips that if service was not accomplished by then, it would dismiss the claims against Burns without prejudice for failure to timely effect service. The Court finds this an appropriate action to take at this time in light of the foregoing disposition of the claims in this case. Even if Burns had been properly served, the Court would dispose of the claims against him in the same manner and for the same reasons it is disposing of the

claims against the other defendants.

### IV.     Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Metro's motion to dismiss (Doc. 30);

- **GRANTS** Securitas's motion to dismiss (Doc. 37);

- **DISMISSES** Phillips's claims against Metro and Securitas **with prejudice**;

- **DISMISSES** Phillip's claims against Burns **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve in a timely manner; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  September 23, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
