UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINT PHILLIPS, III, <br><br> Plaintiff, <br><br> v. <br><br> METRO TRANSIT AGENCY, SECURITAS SECURITY COMPANY, and DENNIS BURNS, <br><br> Defendants. | Case No. 20-cv-744-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clint Phillips, III's motion for recruitment of counsel for the purposes of pursuing an appeal (Doc. 48).

Phillips first filed this action in July 2020 regarding an incident that occurred in March 2015 where he was removed from a Metro train passing through Fairview Heights, Illinois (Doc. 2). Because there was sufficient doubt about whether Phillips was competent to pursue this litigation himself, the Court recruited counsel in November 2020. Nearly a year later, the Court dismissed this case on a variety of grounds—the statute of limitations, failure to state a claim, and failure to timely serve process. Judgment was entered on September 23, 2021, and any notice of appeal was due thirty days later—on October 25, 2021, as counted under Federal Rule of Civil Procedure 6. *See* Fed. R. App. P. 4(a)(1)(A) No appeal was filed, although Phillips claims that he discussed the issue with his attorney at an unspecified point in time and that his attorney was unwilling to file a notice of appeal. Now, long after the period to appeal has passed, Phillips asks for appointment of new counsel to pursue an appeal. The Court declines to recruit new counsel for Phillips and will instead relieve recruited counsel of responsibilities in this case so Phillips can make his own filings.

As a preliminary matter, recruited counsel has achieved the purpose for which the Court recruited him—to represent Phillips through judgment at the trial court level. To the extent Phillips would like counsel to pursue an appeal for him, he would be better served asking the Court of Appeals to appoint counsel once a notice of appeal has been filed. Additionally, the actions described below to get a timely appeal on file are not complicated and are ones the Court believes, in light of his extensive litigation history, Phillips is competent to handle himself.

As for a notice of appeal, it is possible to construe Phillips's motion for new counsel to contain a notice of appeal—indeed, it contains all the essentials of a notice of appeal set forth in Federal Rule of Appellate Procedure 3(c)(1)—which could subject Phillips to a $505 appellate filing fee. However, without a clear indication that Phillips intends his filing to serve as a notice of appeal, the Court is unwilling to so construe it but will allow Phillips an opportunity to clarify his intentions.

The Court notes that even if his motion were construed as a notice of appeal, it would be untimely unless Phillips obtains an extension of time. In Phillips's circumstances, the Court can grant a brief extension of time where Phillips can show his failure to file a timely notice of appeal was due to excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A)(ii). Thus, if Phillips wishes the Court to construe his motion as a notice of appeal, or if he files a new notice of appeal, he should also ask for an extension of time. In that request, he should explain why he did not file an appeal by October 25, 2021, and why his failure to meet that deadline was due to excusable neglect or good cause.

In sum, the Court:

- **ORDERS** that counsel Michael T. George is **TERMINATED** as counsel in this case

and **DIRECTS** the Clerk of Court to so note on the docket sheet;

- **DENIES** Phillips's motion for recruitment of new counsel to pursue an appeal (Doc. 48) without prejudice to another request to the Court of Appeals once a notice of appeal is filed;

- **ORDERS** that Phillips shall have up to and including March 11, 2022:
    a) To inform the Court whether he wants to have his motion for recruitment of counsel construed as a notice of appeal, which could subject him to a $505 appellate filing fee; and, if so,
    b) To file a motion for extension of time to file a notice of appeal showing why his failure to file a timely notice of appeal was due to excusable neglect or good cause;

- **WARNS** Phillips that if he fails to respond to this order by March 11, 2022, the Court will <u>not</u> construe his motion as a notice of appeal.

**IT IS SO ORDERED.**
**DATED:  February 7, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
