UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINT PHILLIPS, III, <br><br> Plaintiff, <br><br> v. <br><br> METRO TRANSIT AGENCY, SECURITAS SECURITY COMPANY, and DENNIS BURNS, <br><br> Defendants. | Case No. 20-cv-744-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clint Phillips, III's motion for leave to appeal out of time (Doc. 50) and motion for leave to appeal *in forma pauperis* (Doc. 51).

**I.      Notice of Appeal**

Phillips first filed this action in July 2020 regarding an incident that occurred in March 2015 where he was removed from a Metro train passing through Fairview Heights, Illinois. The Court recruited counsel for Phillips, and nearly a year later, dismissed this case on a variety of grounds—the statute of limitations, failure to state a claim, and failure to timely serve process. Judgment was entered on September 23, 2021, and any notice of appeal was due thirty days later—on October 25, 2021, as counted under Federal Rule of Civil Procedure 6. *See* Fed. R. App. P. 4(a)(1)(A). No appeal was filed.

More recently, on January 21, 2022, Phillips filed a motion for recruitment of counsel on appeal (Doc. 48), which could have been construed as a notice of appeal. The Court gave Phillips an opportunity to inform the Court clearly whether he would like it so construed and warned him that if it were intended to be a notice of appeal, the notice would be untimely in the absence of a motion for extension of time to appeal (Doc. 49).

Phillips's current motion for leave to file a notice of appeal out of time fails to clearly state that he wishes his prior motion construed as a notice of appeal. Nevertheless, because Phillips also filed a motion for leave to proceed *in forma pauperis*, it is clear that he anticipates a fee to be assessed, which can only occur with the filing of a notice of appeal. It is clear enough to the Court that Phillips intends to appeal, so the Court will direct the Clerk of Court to construe Phillips's January 21, 2022, motion (Doc. 48) as a notice of appeal filed on the date the motion was filed.

## II.     Motion of Extension of Time to File Notice of Appeal (Doc. 50)

The Court turns to the request for an extension of time to file a notice of appeal. In a civil case, generally the notice of appeal must be filed within 30 days of entry of the order from which the appeal is taken. Fed. R. App. P. 4(a)(1)(A). The Court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). If these conditions are met, the Court may extend the deadline the longer of either (1) 30 days beyond the original 30-day period or (2) 14 days after the order granting the extension. Fed. R. App. P. 4(a)(5)(C). Even where both conditions are satisfied, the decision to extend the deadline is at the Court's discretion. *See Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 700 (7th Cir. 2004).

Phillips's request falls under paragraph (ii) because he filed it long after the normal appeals period expired. He has not, however, shown excusable neglect or good cause for failing to file a timely notice. Instead, he simply states that his counsel was unwilling to file a notice of

appeal.  Phillips provides no details to show that counsel's unwillingness amounted to good cause or excusable neglect—details such as the timing of Phillips's request and counsel's refusal and reasons given.  Specifically, Phillips does not explain what transpired between him and his counsel between entry of judgment on September 23, 2021, and the expiration of the thirty-day appeals deadline on October 25, 2021, and why those events would excuse the failure to timely appeal.  Accordingly, the Court will deny Phillips's motion without prejudice to another motion showing good cause or excusable neglect.

### III. Motion for Leave to Proceed *In Forma Pauperis* (Doc. 51)

The Court will reserve ruling on this motion until its decision about whether to extend the appeal deadline.

### IV. Conclusion

For the foregoing reasons, the Court:

- **CONSTRUES** Phillips's motion for recruitment of counsel on appeal (Doc. 48) as a notice of appeal and **DIRECTS** the Clerk of Court to docket it accordingly as of its original filing date;

- **DENIES without prejudice** Phillips's motion for an extension of time to file a notice of appeal (Doc. 50) and **ORDERS** that he shall have fourteen days from entry of this order to file a new motion properly supported by relevant factual allegations;

- **RESERVES RULING** on Phillips's motion for leave to proceed *in forma pauperis* (Doc. 51); and

- **DIRECTS** the Clerk of Court to send the Court of Appeals a copy of this order to be considered in conjunction with Phillips's appeal.

**IT IS SO ORDERED.**
**DATED:  March 1, 2022**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**