UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINT PHILLIPS, III,<br><br>   Plaintiff,<br><br>v.<br><br>METRO TRANSIT AGENCY, SECURITAS SECURITY COMPANY, and DENNIS BURNS,<br><br>   Defendants. | Case No. 20-cv-744-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clint Phillips, III's motion for an extension of time to file a notice of appeal (Doc. 57). The Court also addresses Phillips's motion for leave to appeal *in forma pauperis* (Doc. 51), on which the Court has reserved ruling, and his motion for appointment of counsel on appeal (Doc. 58).

**I.   Extension of Time to File Notice of Appeal (Doc. 57)**

In its order of March 1, 2022 (Doc. 52), the Court construed a document Phillips filed on January 21, 2022, as a notice of appeal. The document was filed well beyond the appeal deadline of October 25, 2021, thirty days after entry of judgment on September 23, 2021. *See* Fed. R. App. P. 4(a)(1)(A). The Court further declined to find the late notice of appeal timely because Phillips had not shown excusable neglect or good cause for his untimeliness. *See* Fed. R. App. P. 4(a)(5)(A). Specifically, the Court pointed out that he gave no details such as the timing of his request or his counsel's refusal and reasons given. Phillips did not explain what transpired between him and his counsel between entry of judgment on September 23, 2021, and the expiration of the thirty-day appeals deadline on October 25, 2021, and why those events would excuse the failure to timely appeal. All he said was that his recruited counsel was

unwilling to file a notice of appeal. However, the Court gave him another opportunity to try to establish a good reason for his delay.

Rather than adding meat to the bones of his prior request, in his current motion he simply restates that his counsel was unwilling to file a notice of appeal, and he was unable to do it himself because he was represented by counsel. While this might constitute good cause had he asked his counsel to file a notice of appeal within the time in which an appeal could have been filed or within thirty days thereafter, it would not constitute good cause if he asked his counsel to file the notice after it was too late. Counsel has a duty as an officer of the Court not to make frivolous filings such as a notice of appeal that is late for no good reason. *See* Fed. R. Civ. P. 11(b). In the absence of any explanation about the circumstances for Phillips's late notice of appeal, the Court finds he has not carried his burden of showing an extension is warranted.

## II.     Motion for Leave to Proceed on Appeal *In Forma Pauperis* (Doc. 51)

The Court reserved ruling on this motion until its decision about whether to extend the appeal deadline. Now that it has declined to allow the extension, it turns to the motion for leave to proceed on appeal *in forma pauperis*.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Phillips's affidavit that he is indigent. However, the Court

2

finds that the appeal is taken not in good faith because it was filed too late without justification for the delay. This legal point is not reasonably arguable. Accordingly, the Court will deny the motion for leave to proceed on appeal *in forma pauperis*. Within thirty days of service of this order, Phillips may reapply directly to the Court of Appeals for leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(5).

### III. Conclusion

For the foregoing reasons, the Court:

- **DENIES** Phillips's motion for an extension of time to file a notice of appeal (Doc. 57);

- **DENIES** Phillips's motion for leave to proceed *in forma pauperis* (Doc. 51) and **CERTIFIES** that the motion is not taken in good faith because the notice of appeal was untimely without adequate justification;

- **TRANSFERS** Phillips's motion for appointment of counsel on appeal (Doc. 58) to the U.S. Court of Appeals for the Seventh Circuit, the only court authorized to make such appointments once a notice of appeal has been filed; and

- **DIRECTS** the Clerk of Court to send the Court of Appeals a copy of this order to be considered in conjunction with Appeal No. 22-1333.

**IT IS SO ORDERED.**
**DATED:  March 23, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
